CHEHARDY, Judge.
The crucial issue in this case is identical to that decided by this court in In the Interest of Robin Sapia, 387 So.2d 41, with the exception of the fact that in the present case Juvenile Judge Tom McGee issued an ex parte order placing the minor Tod Reddicks in Brentwood Hospital in Shreveport, in absence of specific assurance by the State of Louisiana that the costs of such *690 private institutional care could be borne by the State.[1]
LSA-R.S. 13:1580.2 states:
“The Department of Health and Human Resources shall, whenever it has been assigned custody of a child by judicial order, file a written report to the court on the status of the child six months after the initial placement of the child and every twelve months thereafter. This report shall be filed with the court which placed the child in the custody of the Department of Health and Human Resources. The court shall consider such reports and may hold hearings on the status of the child for the purpose of determining whether the child should remain in the care and custody of the Department of Health and Human Resources, should be returned to the parent, tutor, guardian, or relative, or should receive some alternative program of care, support and supervision.” (Emphasis ours.)
We feel that the above statute coupled with LSA-C.J.P. arts. 85 and 86 clearly gives the ultimate authority for deciding the placement of children adjudged to be in need of supervision to the juvenile courts. Furthermore, we can find no statutory limitation on the court’s authority to act ex parte in determining the proper placement for Tod Reddicks.
For the above reasons and the reasons assigned by this court in Sapia, supra, the order of the juvenile court placing Tod Red-dicks in Brentwood Hospital in Shreveport; ordering that the State of Louisiana through the Office of Human Development, Department of Human Resources, assume financial responsibility for his treatment at Brentwood; and instructing the State of Louisiana, through the Office of Human Development, to provide the court with continuing reports of the minor’s treatment, an outline for the suggested plan of treatment, and an analysis of locations where this plan for treatment can be best performed is affirmed in all respects.

AFFIRMED.

. In Sapia, several officials of the Department of Health and Human Resources, Office of Human Development, were subpoenaed to testify, as was Charles E. Roemer, Commissioner of Administration, State of Louisiana, who orally stipulated that the Louisiana Department of Health and Human Resources and its subsidiary agency, the Office of Human Development, had sufficient funds and authority for their expenditure to place Robin Sapia in a facility most appropriate for the child’s needs. The court subsequently ordered the Department of Health and Human Resources to pay for the expenses incurred for the housing, care and treatment of Robin in Coliseum House, a private institution.